*Law Office of*
**SAMUEL GREGORRY**
*16 Court Street, Suite 2008*
*Brooklyn, NY, 11241*
*Telephone: 718-222-2992*
*Facsimile: 718-222-2889*
*www.samgregory.com*

*Admitted in NY and NJ*

December 14, 2018

**VIA ECF**

Honorable Judge Robert W. Sweet
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

     **Re**: United States v. Wendell Mitchell
       18 CR 143

Dear Honorable Judge Sweet,

  This memorandum is submitted on behalf of Mr. Wendell Mitchell, who is scheduled to be sentenced before Your Honor on January 3rd, 2019. Mr. Mitchell's life has been a series of bad decisions. Mr. Mitchell was unable to find his way in the world and as opposed to putting his effort and energy into setting himself right, Mr. Mitchell turned to a life of drug dealing and drug abuse. Nevertheless, Mr. Mitchell is not a hardened criminal or vicious predator of society. Mr. Mitchell is a downtrodden ne'er-do-well who keeps making the wrong decision in life to his own detriment. Still, the guideline range and circumstances paint an unduly harsh and unfair picture of Mr. Michell.

       **I. CASE BACKGROUND**

  a. **Case history**

  The present matter stems from an investigation conducted by the New York Police Department (NYPD). *See* Presentence Investigation Report ¶ 10 (hereafter PSR). It is unclear

1

how the investigation was initiated, but by March 24th, 2017, the NYPD had secured a search warrant to search an apartment referred to as apartment-1. *Id*, at ¶ 11. Therein, the NYPD seized U.S. currency, drugs, and ammunition. *Id*, at ¶ 12. The occupants, Mr. Mitchell and LaChris Allmond were arrested. *Id*, at ¶ 13. Two days later, Mr. Mitchell was captured on a recorded phone call telling an unidentified individual that the police failed to find all of the contraband in the apartment. Mr. Mitchell was apparently released on bond after this initial arrest. *Id*, at ¶ 14.

On July 19th, 2017, the NYPD executed a second search warrant for a different apartment, apartment-2. *Id*, at ¶ 15. Therein the NYPD seized U.S. currency, drugs, ammunition, and a firearm. *Id*, at ¶ 16. A bag was also observed being thrown from a window and was discovered to contain additional drugs once the NYPD retrieved it. *Id*, at ¶ 17. Shawn Williams, Mr. Mitchell, and Marquise Herbert were arrested inside apartment-2. *Id*, at ¶ 18.

There were also a series of controlled buys, 10 of which involved Mr. Mitchell and span from April 12th, 2017 through July 18th, 2017. *Id*, at ¶ 19-23. During these controlled buys Mr. Mitchell would sell between $20-$50 worth of drugs to an undercover officer or one of two confidential sources. *Id*. Further, a cooperating witness, CW-1 claims to have witnessed Mr. Mitchell selling drugs in the area since 2013. *Id*, at ¶ 24.

Mr. Mitchell was remanded to federal custody on January 23rd, 2018. On August 29th, 2018 Mr. Mitchell pled guilty before the Honorable Barbara Moses, U.S. Magistrate Judge. *Id*, at ¶ 4. Sentencing is scheduled for January 3rd, 2019.

b.  **Probation's Calculations**

On October 23rd, 2018, the United States Probation Department prepared a Presentence Report. The PSR calculated a total offense level of 29 with a criminal history category of

6. PSR ¶ 43, 57. The corresponding recommended sentencing range is 151-188 months. *Id,* at ¶ 81.

### c. Mandatory Minimum

There is no mandatory minimum sentence in this case. The maximum term of incarceration is 20 years. 21 U.S.C. 841(b)(1)(C)

## II. FACTORS TO CONSIDER THAT MITIGATE IN MR. MITCHELL'S FAVOR.

### a. Mr. Mitchell's circumstances serve as a harsh reality check

Mr. Mitchell has little support from the outside world while he awaits his fate. No one seems to care much about his circumstances and the only visitors he has to look forward to are his attorneys. Letters of support are hard to come by and money even harder. Those he thought of as friends, the mothers of his children, even his own mother, seem indifferent to his situation and, despite verbally agreeing to write letters of support, have put little to no effort towards helping Mr. Mitchell in any way. These facts are not lost on Mr. Mitchell. He is aware that his circumstances are of his own creation.

It is unfortunate that it took such a grievous occurrence as a federal prosecution to give Mr. Mitchell pause and take stock of his life, but all the same that is exactly what has happened. Mr. Mitchell has led a solipsistic life, caring little for others and only concerning himself with his own struggles and his own survival. Now, as Mr. Mitchell finds himself in a situation where moral, emotional, and even financial support is needed, he has learned that such a way of life nets no returns.

Further, Mr. Mitchell is acutely aware that the evanescence of his youth leaves him with little productive time left in society to better himself and set himself right. Mr. Mitchell has repeatedly told his defense attorneys that a sentence of 10 years would essentially be a life

sentence for him. This lesson was lost on Mr. Mitchell when he was younger and impetuous. Even several bouts of incarceration were not enough to show a young Mr. Mitchell the insidious effects his life choice were having on his own wellbeing and future. Now, however, Mr. Mitchell is 42, homeless, a career criminal, and alone. The insouciance of his youth has begot a lonely and meaningless life. Mr. Mitchell's downward spiral has finally led to rock bottom and harm he has cause cannot be ignored any longer.

Mr. Mitchell is aware of the serious time he faces and the full impact of this time weighs heavily on his mind. Mr. Mitchell hopes that upon resolution of his case, whatever time he does receive, it is not so long that it prevents him from taking what he learned from this experience and using it to make amends with those he has wronged and bettering himself.

Taken as a whole, this process has served as a harsh reality check for Mr. Mitchell. The life he has lived heretofore has produced nothing of substance for him. In his wake he has left only heartache and despair, causing those he has known to move on with their lives and forget about him. It is untenable for Mr. Mitchell to continue on like this. But for his involvement in the present matter he may never have learned the error of his ways. Now, having been clearly shown the wrongs he has wrought, Mr. Mitchell needs an opportunity to mend his mistakes.

### b. The guideline range and circumstances of the case paint Mr. Mitchell in an unduly harsh light

The draconian potential of the guidelines was eloquently addressed by Judge Rakoff in *United States v. Gupta*, 940 F.Supp.2d 349 (S.D.N.Y. 2012). Judge Rakoff observed that "[i]mposing a sentence on a fellow human being is a formidable responsibility. It requires a court to consider, with great care and sensitivity, a large complex of facts and factors. The notion that this complicated analysis, and moral responsibility, can be reduced to the mechanical adding-up

of a small set of numbers artificially assigned to a few arbitrarily-selected variables wars with common sense." *Id*, at 350. Judge Rakoff paid little heed to the high offense level of the defendant in that case[1], stating that "…the numbers assigned by the Sentencing Commission to various sentencing factors appear to be more the product of speculation, whim, or abstract number-crunching than of any rigorous methodology — thus maximizing the risk of injustice."

Mr. Mitchell has clearly violated federal law and never denied his culpability in this matter. However, Mr. Mitchell is not a hardened criminal. Mr. Mitchell did not violate federal drug laws for the thrill of the transgression, to inflict pain on unsuspecting individuals, to wantonly sow chaos, or due to a lack of respect for society. Mr. Mitchell sold drugs as a means to support himself and fuel his own drug habit.

This is, of course, no excuse for his actions. Nevertheless, it puts into perspective what was mentioned above, specifically, the Mr. Mitchell's life has been a solipsistic existence up to this point and the numbers assigned by the sentencing guidelines overstate his criminal propensities. It is undeniable that Mr. Mitchell has been selfish and shown disregard for the law, but it was because he was self-absorbed, not because he harbored malice. A sentence of 151-188 months for a petty drug dealer is excessive and unduly harsh. Such a term of imprisonment would be an overcorrection and a heartless mechanical application of abstract numbers applied to a situation without regard for the fault inherent in man. This was precisely what Judge Rakoff cautioned against. When viewed as a human being and not a set of circumstances to apply a number to, Mr. Mitchell is clearly far from perfect, but at the same time he is not such a danger to society that he must be locked up for 12 years.

---

[1] Rajat K. Gupta was convicted of various securities fraud violations that involved misappropriation of material non-public information. He was assigned a criminal history category of 1 with an offense level of 28.

### c. Mr. Mitchell's criminal history category overstates his criminal nature

Mr. Mitchell has been designated a career criminal and, as a result, has been assigned the highest criminal history category of 6. This further adds to the unduly harsh picture of who Mr. Mitchell is. Like so many individuals ensnared by addiction, Mr. Mitchell's criminal history is one of drug dealing and drug abuse. Mr. Mitchell has continuously sold drug as a means to support himself and as a means to feed his habit.

However, absent drug related offenses, Mr. Mitchell's criminal history category would be 1. Such a disparity highlights the harsh nature of his designation. This is not to downplay Mr. Mitchell's culpability or to deny his transgressions, but it puts into perspective who Mr. Mitchell is and what his criminal history category represents. Mr. Mitchell is a drug dealer and abuser, but he is not a menace to society or a violent individual.

### d. 18 U.S.C. § 3553

18 U.S.C. § 3553 states that a court "shall impose a sentence that is sufficient, but not greater than necessary…:

  A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  B) to afford adequate deterrence to criminal conduct;
  C) to protect the public from further crimes of the defendant; and
  D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"

While this statute was implicated above, its importance merits further discussion.

Mr. Mitchell faces a significant term of incarceration and must also deal with the fact that he is designated a career criminal. These facts have been the harshest aspect Mr. Mitchell has had to come to terms with in the present case. Mr. Mitchell hopes he will receive leniency so that he can use what little productive time he has left to change his life for the better. All of this combines to present a strong deterrent force. This case will serve as a requiem bell, forever

reminding Mr. Mitchell that if he is given leniency and another chance, this will be the last chance he has. Any future arrests and charges will be prosecuted as a career criminal case as well and if Mr. Mitchell squanders this opportunity he knows he will not get another one. At his age Mr. Mitchell knows he has one last chance to do right and live free in society or he will relinquish any hope of spending his life free and will instead commit himself to a life institutionalized in the federal prison system. The deterrence of this realization cannot adequately be reduced to words, but Mr. Mitchell knows it well as it was he who expressed this sentiment to his defense lawyers.

While incarcerated, Mr. Mitchell should be required to attend drug treatment programs to help with his addiction problem. Further, educational opportunities that can provide Mr. Mitchell with the means to support himself and secure a job would lessen the struggles he will face upon release and can help ensure he stays on the right path.

### III.    CONCLUSION

It is respectfully requested this court proceed with leniency when sentencing Mr. Mitchell, bearing in mind that he is not a bad person and the sentencing guidelines paint an unduly harsh picture.

Respectfully submitted,

/Samuel Gregory Esq.